UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMMANUEL ORDING and
MICHELLE STEWART,
Husband and Wife,
        Plaintiffs

v.                                                          Case No.

BAC HOME LOANS SERVICING, LP,
        Defendant

## COMPLAINT

### Case Summary

1. Defendant BAC Home Loans Servicing, LP services the mortgage on Plaintiffs'
   primary residence. Plaintiffs file this action against Defendant for violation of the
   Truth in Lending Act for failing to provide the identity of the owner of Plaintiffs'
   mortgage, which information Plaintiffs requested to explore options for obtaining
   a loan modification. Further, Defendant failed repeatedly to comply with its
   responsibilities under the federal Home Affordable Modification Program related
   to Plaintiffs' loan-modification application, failing to evaluate them for a
   modification within the required time. Defendant then ignored Plaintiffs' demand
   letter under the Massachusetts Consumer Protection Act. Plaintiffs request
   injunctive relief, actual damages, statutory damages, treble damages, attorney fees,
   and costs. Under guidelines for the Home Affordable Modification Program, based
   on the Plaintiffs' income and other factors, they are qualified for a loan
   modification.

**Jurisdiction and Venue**

2. The jurisdiction of this court for Count I is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. The jurisdiction of this court over Count II, Plaintiffs' state law claim, is invoked pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and that a substantial portion of the acts giving rise to this action occurred in this District.

**Parties**

5. Plaintiffs Emmanuel Ording and Michelle Stewart, husband and wife, are natural persons currently residing at 36 Barbara Rd., Waltham, MA 02453.

6. Defendant BAC Home Loans Servicing, LP ("Defendant"), a subsidiary of Bank of America, N.A., has its principal place of business at 6400 Legacy Dr., Plano, TX 75024 and regularly does business within the District of Massachusetts. Defendant is in the business of servicing and originating mortgage loans. Defendant services the first and second mortgages on Plaintiffs' principal residence.

**Count I:**
**Truth In Lending Act, 15 U.S.C. § 1641(f)**
**Failure to Provide Identity of Owner of Mortgage**

7. The preceding paragraphs are incorporated by reference.

8. At all relevant times, Defendant, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

9. Under 15 U.S.C. § 1641(f)(2), a mortgage servicer must provide an obligor with the identity and contact information of the owner of the obligor's mortgage obligation:

> Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

10. Under recent amendments to the Truth in Lending Act, enacted pursuant to the Helping Families Save Their Homes Act of 2009, Pub. L. 111-22, § 404, the penalty for violation of 15 U.S.C. § 1641(f) is damages of up to $4,000, actual damages, costs, and attorney's fees.

11. On October 26, 2009, Plaintiffs, by counsel, requested the identity of the owner of their mortgage pursuant to 15 U.S.C. § 1641(f). (**Exhibit A** – TILA Request.)

12. The purpose of Plaintiffs' request was to determine who the owner of their mortgage was, so that they could pursue loan-modification and loss-mitigation assistance.

13. Defendant has failed to respond to Plaintiffs' request, and has not provided Plaintiffs with any information responsive to their above request.

14. Plaintiffs have been damaged by Defendant's failure to respond to their request in that they have been unable to obtain information about their mortgage that would enable them to explore loss-mitigation and loan-modification assistance in order to avoid foreclosure of their home, and they were deprived of their right to obtain the identity of the owner of their mortgage obligation.

**Count II:**
**Violation of M.G.L. c. 93A, § 9**
**Non-Compliance with the Federal Home Affordable Modification Program**

15. The preceding paragraphs are incorporated by reference.

16. Defendant is engaged in trade or commerce in Massachusetts.

17. Plaintiffs are not persons entitled to bring an action under M.G.L. c. 93A, § 11.

18. Defendant engaged in unfair or deceptive acts or practices with respect to Plaintiffs, within the meaning of M.G.L. c. 93A, § 2, as described in detail below.

19. Defendant has a mortgage-servicing contract (the "Servicing Contract") with the Federal National Mortgage Association ("Fannie Mae") under which it services mortgages on behalf of Fannie Mae.

20. Under its Servicing Contract, Defendant collects mortgage payments, sends monthly billing statements, manages homeowners' accounts, and conducts collection and foreclosure activity, in its own name, although acting on behalf of Fannie Mae.

21. Under its Servicing Contract, Defendant also agrees to follow the loan-servicing instructions issued by Fannie Mae.

22. The U.S. Department of the Treasury ("Treasury"), in coordination with Fannie Mae, established a foreclosure-prevention program pursuant to the Emergency Economic Stabilization Act of 2008,  Pub. L. 110-343, § 110, which states that "[Fannie Mae] shall implement a plan that seeks to maximize assistance for homeowners and use its authority to encourage the servicers of the underlying mortgages . . . to minimize foreclosures."

23. That foreclosure-prevention program is called the Home Affordable Modification Program ("HAMP"). HAMP's purpose is to avert the foreclosure crisis in the United States by modifying the terms of mortgages of the owners of residential property. HAMP accomplishes this by evaluating homeowners for loan modifications that will lower the homeowners' interest rates, thus lowering their monthly mortgage payments, thereby allowing them to remain in their homes.

24. HAMP has been implemented as a series of loan-servicing instructions promulgated by Fannie Mae that include what are called "supplemental directives." These supplemental directives are incorporated by reference into the servicing instructions that Defendant is obligated to follow under its Servicing Contract.

25. SD 09-07 states that participating mortgage servicers, including defendant, must acknowledge in writing a homeowner's application for a loan modification within 10 business days after receiving the borrower's financial information:

> Within 10 business days following receipt of borrower financial information verbally or in a completed RMA [modification application], the servicer must acknowledge the borrower's request for HAMP participation . . . .

SD 09-07, p.7. (Attached in part as **Exhibit B**.)

26. On November 2, 2009, Plaintiffs, by counsel, submitted an entire package of financial materials (the "Modification Application") to the Defendant, in order for Defendant to consider them for a loan modification. In their Modification Application, Plaintiffs included the HAMP Request for Modification and Affidavit, bank statements, pay stubs and other income verification, 2008 tax return, utility bill, proof of homeowners insurance, and a request for a copy of a tax transcript, the IRS 4506T form.

27. Plaintiffs' Modification Application was sent to the Bank of America Office of the President, to a Mr. Christopher Cobern, and Mr. Cobern received the Modification Application.

28. Defendant failed to provide acknowledgement Plaintiffs' Modification Application within 10 business days.

29. To date, Defendant has failed to provide acknowledgement of Plaintiffs' Modification Application.

30. By failing to provide written confirmation of Plaintiffs' Modification Application within 10 business days, Defendant violated SD 09-07.

31. By violating SD 09-07, Defendant committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A, § 2.

32. SD 09-07 also states that participating mortgage servicers, including Defendant, must provide a written response to a homeowner's application for a loan modification within 30 calendar days after receiving the borrower's financial information:

> Within 30 calendar days following the servicer's
> receipt of a completed [HAMP Application], Form
> 4506-T and all required income and other
> information (including all required documentation
> and either the borrower's tax transcript or tax
> return when using the verified approach), the
> servicer must complete its evaluation of borrower
> eligibility and notify the borrower of its
> determination . . . .

SD 09-07, p.7. (Attached in part as **Exhibit B**.)

33. As stated above, Plaintiffs, by counsel, submitted their Modification Application to Defendant on November 2, 2009.

34. To date, Defendant has not completed its evaluation of Plaintiffs' eligibility or notified the Plaintiffs' of its determination in any manner required by the HAMP program.

35. By failing to evaluate the Plaintiffs within 30 calendar days, Defendant violated SD 09-07.

36. By violating SD 09-07, Defendant committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A, § 2.

37. An act or practice also violates M.G.L. c. 93A, § 2, if it violates a Federal consumer-protection statute, pursuant to Title 209, Code of Massachusetts Regulations, Section 3.16.

38. The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* is a Federal consumer-protection statute.

39. Defendant violated the Truth in Lending Act, 15 U.S.C. § 1641(f) by failing to respond to Plaintiffs' request on October 26, 2009 for the identity of the owner of their mortgage obligation, as described in Count I of this complaint, the allegations of which have been incorporated by reference into Count II.

40. On March 10, 2010, Plaintiffs mailed to Defendant a written demand for relief, reasonably describing the unfair or deceptive act or practice described in Counts I and II of this Complaint, as well as the injury suffered, pursuant to the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9.
(**Exhibit C** – Demand Letter.)

41. Defendant received Plaintiffs' demand letter on March 15, 2010.
(**Exhibit D** – Delivery Confirmation of Demand Letter.)

42. More than 30 days have elapsed since Plaintiffs' demand letter was received by Defendant, and Defendant has not responded to Plaintiffs' demand letter.

43. Defendant's failure to respond to Plaintiffs' demand letter was willful and knowing.

44. Plaintiffs have been damaged by Defendant's failure to respond to their demand letter, and by Defendant's actions described therein. Plaintiffs' damages include, but are not limited to, denial of their entitlement to obtain a loan modification; damage to credit; inability to obtain a timely loan modification; violation of the entitlement to know the owner of their mortgage, loss of times, court fees, costs, and attorney's fees.

## Demand for Relief

WHEREFORE, Plaintiff prays that this Court:

A. Assume jurisdiction of this case;

B. Order Defendant to evaluate Plaintiffs in good faith for a loan modification under the federal Home Affordable Modification Program;

C. Award Plaintiffs actual damages in an amount to be established at trial;

D. Award Plaintiffs statutory damages of $4,000 under 12 U.S.C. § 1640;

E. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. § 1640(a) and M.G.L. c. 93A, § 9;

F. Award treble damages under M.G.L. c. 93A, § 9, for Defendant's failure to respond to Plaintiffs' demand letter; and

G. Award such other and further relief as the Court deems necessary and just.

## Jury Trial Demand

Plaintiffs demand a trial by jury on all issues so triable.

Emmanuel Ording and
Michelle Stewart,
By counsel,

/s/*Josef Culik*
Josef Culik (BBO 672665)
Culik Law P.C.
100 Cummings Center
Suite 425G
Beverly, MA 01915
978-910-0248
josef@culiklaw.com

Dated: April 20, 2010