UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL ORDING and<br>MICHELLE STEWART<br><br>    Plaintiffs<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP<br><br>    Defendant | C.A. No. 1:10-cv-10670-MBB<br><br>LEAVE TO FILE GRANTED ON<br>FEB. 23, 2011 |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

In accordance with the Court's Order and Fed. R. Civ. P. 15(a)(2), Plaintiffs amend their Complaint as follows:

**Summary**

1. Defendant BAC Home Loans Servicing, LP services the two mortgages on Plaintiffs' primary residence. Plaintiffs file this Amended Complaint against Defendant for its violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, on two grounds. First, BAC failed to provide the identity of the owner of Plaintiffs' mortgage, which information Plaintiffs requested to explore options for obtaining a loan modification. Second, Defendant failed repeatedly to comply with its responsibilities under the federal Home Affordable Modification Program related to Plaintiffs' loan-modification application, failing to evaluate them for a modification within the required time. Defendant then ignored Plaintiffs' demand letter under the Massachusetts Consumer Protection Act. Plaintiffs request injunctive relief, actual damages, statutory damages, treble damages, attorney fees, and costs.

## Parties

2. Plaintiffs Emmanuel Ording and Michelle Stewart, husband and wife, are natural persons currently residing at 36 Barbara Rd., Waltham, MA 02453.

3. Defendant BAC Home Loans Servicing, LP ("Defendant"), a subsidiary of Bank of America, N.A., has its principal place of business at 6400 Legacy Dr., Plano, TX 75024 and regularly does business within the District of Massachusetts. Defendant is in the business of servicing and originating mortgage loans. Defendant services the first and second mortgages on Plaintiffs' principal residence.

## Count I:
## Consumer Protection Act, M.G.L. c. 93A
## Non-Compliance with HAMP

4. The preceding paragraphs are incorporated by reference.

5. Defendant is engaged in trade or commerce in Massachusetts.

6. Plaintiffs are not persons entitled to bring an action under M.G.L. c. 93A, § 11.

7. Defendant engaged in unfair or deceptive acts or practices with respect to Plaintiffs, within the meaning of M.G.L. c. 93A, § 2, as described in detail below.

*First Violation*

8. Defendant has a mortgage-servicing contract (the "Servicing Contract") with the Federal National Mortgage Association ("Fannie Mae") under which it services mortgages on behalf of Fannie Mae.

9. Under its Servicing Contract, Defendant collects mortgage payments, sends monthly billing statements, manages homeowners' accounts, and conducts collection and foreclosure activity, in its own name, although acting on behalf of Fannie Mae.

10. Under its Servicing Contract, Defendant also agrees to follow the loan-servicing instructions issued by Fannie Mae.

11. The U.S. Department of the Treasury ("Treasury"), in coordination with Fannie Mae, established a foreclosure-prevention program pursuant to the Emergency Economic Stabilization Act of 2008, Pub. L. 110-343, § 110, which states that "[Fannie Mae] shall implement a plan that seeks to maximize assistance for homeowners and use its authority to encourage the servicers of the underlying mortgages … to minimize foreclosures."

12. That foreclosure-prevention program is called the Home Affordable Modification Program ("HAMP"). HAMP's purpose is to avert the foreclosure crisis in the United States by modifying the terms of mortgages of the owners of residential property. HAMP accomplishes this by evaluating homeowners for loan modifications that will lower the homeowners' interest rates, thus lowering their monthly mortgage payments, thereby allowing them to remain in their homes.

13. HAMP has been implemented as a series of loan-servicing instructions promulgated by Fannie Mae that include what are called "supplemental directives." These supplemental directives are incorporated by reference into the servicing instructions that Defendant is obligated to follow under its Servicing Contract.

14. The Plaintiffs' mortgage on their principal residence is owned by Fannie Mae as stated by Defendant. (Docket Entry #11, Ex. 4.)

15. Defendant is bound by HAMP supplemental directives when it is servicing a Fannie Mae owned or backed mortgage.

16. Defendant is bound to follow HAMP supplemental directives with respect to Plaintiffs' mortgage.

17. SD 09-07 states that participating mortgage servicers, including defendant, must acknowledge in writing a homeowner's application for a loan modification within 10 business days after receiving the borrower's financial information:

> Within 10 business days following receipt of borrower financial information verbally or in a completed RMA [modification application], the servicer must acknowledge the borrower's request for HAMP participation ....

SD 09-07, p.7. (Compl. Ex. B.)

18. On November 2, 2009, Plaintiffs, by counsel, submitted an entire package of financial materials (the "Modification Application") to the Defendant, in order for Defendant to consider them for a loan modification. In their Modification Application, Plaintiffs included the HAMP Request for Modification and Affidavit, bank statements, pay stubs and other income verification, 2008 tax return, utility bill, proof of homeowners insurance, and a request for a copy of a tax transcript, the IRS 4506T form.

19. Plaintiffs' Modification Application was sent to the Bank of America Office of the President, to a Mr. Christopher Cobern, and Mr. Cobern received the Modification Application.

20. Defendant failed to provide acknowledgement Plaintiffs' Modification Application within 10 business days.

21. To date, Defendant has failed to provide acknowledgement of Plaintiffs' Modification Application.

22. By failing to provide written confirmation of Plaintiffs' Modification Application within 10 business days, Defendant violated SD 09-07.

23. By violating SD 09-07, Defendant committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A, § 2.

24. SD 09-07 also states that participating mortgage servicers, including Defendant, must provide a written response to a homeowner's application for a loan modification within 30 calendar days after receiving the borrower's financial information:

> Within 30 calendar days following the servicer's receipt of a completed [HAMP Application], Form 4506-T and all required income and other information (including all required documentation and either the borrower's tax transcript or tax return when using the verified approach), the servicer must complete its evaluation of borrower eligibility and notify the borrower of its determination ....

SD 09-07, p.7. (Compl. Ex. B.)

25. Defendant did not complete its evaluation of Plaintiffs' eligibility or notify them of its determination in any manner required by the HAMP program within 30 days.

26. By failing to evaluate the Plaintiffs within 30 calendar days, Defendant violated SD 09-07.

27. By violating SD 09-07, Defendant committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A, § 2.

*Second Violation*

28. An act or practice also violates M.G.L. c. 93A, § 2, if it violates a Federal consumer-protection statute, pursuant to Title 209, Code of Massachusetts Regulations, Section 3.16.

29. The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* is a Federal consumer-protection statute.

30. Under TILA, a mortgage servicer must provide an obligor with the identity and contact information of the owner of the obligor's mortgage obligation:

> Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

15 U.S.C. § 1641(f)(2).

31. Defendant is mortgage servicer for Plaintiffs' two mortgages.

32. Plaintiffs requested from Defendant the identity of the owners of their two mortgages on October 26, 2009. (Compl. Ex. A.)

33. The purpose of Plaintiffs' request was to determine who the owner of their mortgage was, so that they could pursue loan-modification and loss-mitigation assistance.

34. Defendant violated the Truth in Lending Act, 15 U.S.C. § 1641(f) by failing to respond within a reasonable time to Plaintiffs' request for the identity of the owner of their mortgage obligation.

35. Defendant failed to respond to Plaintiffs' request until July 1, 2010. (Docket Entry #11, Ex. 4.)

36. Plaintiffs have been damaged by Defendant's failure to respond to their request in that they have been unable to obtain information about their mortgage that would enable them to explore loss-mitigation and loan-modification assistance in order to avoid foreclosure of their home, and they were deprived of their right to obtain the identity of the owner of their mortgage obligation.

*Demand Letter*

37. On March 10, 2010, Plaintiffs mailed to Defendant a written demand for relief, reasonably describing the unfair or deceptive act or practice described in the Complaint, as well as the injury suffered, pursuant to the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9. (Compl. Ex. C.)

38. Defendant received Plaintiffs' demand letter on March 15, 2010. (Compl. Ex. D.)

39. Defendant did not respond to Plaintiffs' demand letter within 30 days as required by statute.

40. Defendant's failure to respond to Plaintiffs' demand letter was willful and knowing.

41. Plaintiffs have been damaged by Defendant's actions described herein. Plaintiffs' damages include, but are not limited to, denial of their entitlement to obtain a loan modification; damage to credit; inability to obtain a timely loan modification; violation of the entitlement to know the owner of their mortgage, loss of times, court fees, costs, and attorney's fees.

## Request for Relief

WHEREFORE, Plaintiffs pray that this Court:

A. Order Defendant to evaluate Plaintiffs in good faith for a loan modification under the Home Affordable Modification Program;

B. Award Plaintiffs actual damages in an amount to be established at trial;

C. Award Plaintiffs costs and reasonable attorney fees as provided by M.G.L. c. 93A, § 9;

D. Award treble damages under M.G.L. c. 93A, § 9, for Defendant's failure to respond to Plaintiffs' demand letter; and

E. Award such other and further relief as the Court deems necessary and just.

        Respectfully submitted,

        Plaintiffs,
        Emmanuel Ording and Michelle Stewart,
        By counsel,

        */s/ Josef Culik*
        Josef Culik (BBO #672665)
        Culik Law PC
        100 Cummings Center
        Suite 107K
        Beverly, MA 01915
        978-910-0248
February 24, 2011       josef@culiklaw.com

## CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 24, 2011.

        */s/ Josef Culik*
        Josef Culik