UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL ORDING AND MICHELLE STEWART,<br><br>           Plaintiffs,<br><br>      v.<br><br>BAC HOME LOANS SERVICING, L.P.,<br><br>           Defendant. | Civil Action No. 1:10-CV-10670-MBB |

## JOINT MOTION TO REVISE DISCOVERY SCHEDULE

Plaintiffs Emmanuel Ording and Michelle Stewart ("Plaintiffs") and Defendant BAC Home Loans Servicing ("BAC") jointly move, pursuant to Civil Local Rule 16.2, to revise the case schedule filed by the parties on August 9, 2010.

The parties agree that a revision of the schedule is necessary in light of the fact that the parties continue to seek to resolve the issues raised in Plaintiffs' Complaint without the need for litigation. Plaintiffs' application for a loan modification is currently being reviewed, and both parties are awaiting the forthcoming decision on that application.

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties have conferred regarding a joint proposed pretrial case schedule and they present this Joint Proposed Discovery Plan.

   I.   Proposed Pretrial Schedule and Discovery Plan

       1. **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

           a. **Topics of Discovery**. Discovery, to the extent not privileged or otherwise not discoverable, is necessary as to topics including but not limited to: the servicing of Plaintiffs' mortgage loan, the loan modification process, loan payment history, foreclosure proceedings, the collection history, relationship

1

between Defendant and the investors of Plaintiffs' mortgage, standing to enforce the mortgage and loan, the allegations in the Complaint and the relationships, correspondence, communications or dealings between or among the parties to this lawsuit and third parties with respect to the issues identified above. *The parties reserve the right to conduct discovery on subjects not listed above and to object to discovery sought regarding the subjects listed above.

b. **Protective Order**. Defendant anticipates that discovery in this case may require it to produce confidential and/or proprietary business information. Accordingly, the parties agree that Defendant, before producing any confidential or proprietary information, may submit a reasonable confidentiality agreement or protective order to the Plaintiffs for review and execution. If the parties are unable to agree on a suitable confidentiality agreement/protective order, Defendant may propose a motion for protective order to this Court.

c. **Electronic Discovery**. The parties considered the subject of electronic discovery and do not anticipate it being an issue in this case at this time. The parties acknowledge their obligations with respect to electronic discovery under the Federal Rules of Civil Procedure, and reserve the right to revisit this subject as necessary as the case progresses, including without limitation all provisions in the rules regarding identification and accessibility of electronic information, production of the same, and assertion of privileges and confidentiality with respect to such materials.

d. **Initial Disclosures**. Defendant and Plaintiffs exchanged initial disclosures in this matter on **September 3, 2010**.

e. **Discovery Deadline**. All discovery (written and deposition) shall be completed by **July 1, 2011.**

f. **Modifications to Limitations on Discovery Imposed by the Federal Rules**. The Parties do not anticipate any modifications to the limitations on discovery at this time. If the need for additional discovery arises, the Parties will request the same from the Court.

g. **Expert Discovery**. The parties do not expect expert discovery to be needed at this time, but reserve the right to amend this discovery plan if expert testimony is needed.

h. **Dispositive Motions**. All dispositive motions will be filed no later than **September 5, 2011**.

i. **Settlement**. The parties have discussed settlement, but have not been able to come to terms at this time.

2

2. **Trial**. The parties agree that a trial, if needed, will last 1-2 days.

Respectfully submitted,

| | |
|---|---|
| Plaintiff,<br>Emmanuel Ording & Michelle Stewart<br>By counsel, | Defendant,<br>BAC Home Loans Servicing, LP<br>By counsel, |
| /s/*Josef Culik*<br>Josef Culik (BBO #672665)<br>Culik Law P.C.<br>100 Cummings Center<br>Suite 107K<br>Beverly, MA 01915<br>Tel 978-910-0248<br>Fax 978-910-0247<br>*josef@culiklaw.com* | /s/ *Kathleen E. Roblez*<br>Kathleen E. Roblez (BBO #676443)<br>Chad W. Higgins (BBO #668924)<br>Goodwin Procter LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>Tel 617-570-1000<br>Fax 617-523-1231<br>*kroblez@goodwinprocter.com*<br>*chiggins@goodwinprocter.com* |

Dated: March 1, 2011

LIBA/2156323.1

**LOCAL RULE 7.1(A)(2)**
**CERTIFICATION AND CERTIFICATE OF SERVICE**

  I hereby certify, pursuant to Local Rule 7.1(A)(2), that counsel for the parties have conferred on the matters set forth in the foregoing motion and counsel for the plaintiff has assented to this motion.

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 1, 2011.

            /s/ Kathleen E. Roblez